## Commonwealth *v.* McLaughlin, Appellant.

*Criminal law—Bawdy house—Accomplice—Charge of court.*

In the trial of an indictment for keeping a bawdy house the court instructed the jury in regard to the evidence of an accomplice, that it should be scrutinized and received with caution and that it should be weighed by the same rule by which the testimony of other witnesses is weighed. On appeal the testimony was not printed, but the parties agreed that "There was testimony on the part of the Commonwealth corroborating to some extent the testimony of the accomplice."

In view of such agreement, and absence of any record as to the extent to which the testimony of the accomplice was corroborated, the appellate court will not assume that the testimony, without regard to that of the accomplice, was insufficient to clearly establish the guilt of the defendant, and a verdict of guilty will be sustained.

Argued October 17, 1927. Appeal No. 740, April T., 1928, by defendant from judgment of Q. S. Fayette County, June Sessions, 1927, No. 232, in the case of Commonwealth of Pennsylvania v. Frank McLaughlin. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for keeping a bawdy house. Before HUDSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*W. K. Newell* and with him *H. S. Dumbauld,* for appellant.

No printed brief for appellee.

OPINION BY PORTER, P. J., November 21, 1927:

The indictment in this case charged the defendant with keeping a bawdyhouse. The trial resulted in a verdict of guilty and the court sentenced the defendant, who then took this appeal.

The first assignment complains of the language of the court in its charge to the jury as to the weight which should be given to the testimony of an accomplice. The court charged the jury that Ida Lewis, the witness in question, was an accomplice, properly defining the meaning of that term, and in its instruction as to the weight which should be given her testimony used the following language: "You should carefully scrutinize such testimony and receive it with caution, but its weight and credibility is for the jury. It should be weighed by the same rule by which the testimony of other witnesses is weighed; that is, by considering her interest in and connection with the crime and the defendant, her interest in the case, her appearance on the stand, the reasonableness of her testimony, the extent to which it is corroborated or contradicted by other testimony, and its consistency with other facts proved in the case." If this language stood alone and the testimony of this witness had not been corroborated by that of other witnesses, it may well be doubted whether the instruction was adequate: Ettinger v. Com., 98 Pa. 338; Com. v. Craig, 19 Pa. Superior Ct. 81. The learned judge in his opinion states that the language which he used "is taken from 1 Ruling Case Law, Section 11, Page 165, and Section 13, Page 167." The authority upon which he relied is a most excellent work, but it presents a composite view of the decisions of many courts in different jurisdictions. It would be safer for the court, when instructing a jury, to use the language approved by the Supreme Court of its own State. It is well settled in Pennsylvania that it is com-

petent for the jury to convict a defendant upon the uncorroborated testimony of an accomplice. This case does not, however, present that question, for the testimony of the accomplice was corroborated by that of other witnesses, in all respects competent. The appellant has not printed any of the testimony, but instead thereof, has printed an agreement arrived at between the district attorney and the attorneys for the appellant, in which it is stated that: "There was testimony on the part of the Commonwealth corroborating to some extent the testimony of the accomplice, Ida Lewis. There was sufficient testimony on the part of the Commonwealth, if believed, to justify the verdict of guilty." In view of this agreement and the absence of any light as to the extent to which the testimony of the accomplice was corroborated, we cannot assume that there was not sufficient testimony, without regard to that of the accomplice, to clearly establish the guilt of the defendant. The testimony of the accomplice may have been corroborated as to every material fact. The case being thus presented, we are not convinced that the part of the charge assigned for error was prejudicial to defendant's cause, and the first assignment of error is overruled.

The verdict of the jury finding the defendant guilty upon the count charging the keeping of a common bawdyhouse was sufficient to sustain the sentence imposed by the court, and the second assignment of error is without merit.

The judgment is affirmed and the record is remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.